IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ADVANCE FOOD COMPANY, | ) | |
| an Oklahoma Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-06-1208-C |
| | ) | |
| LARGE CAR LOGISTICS, LLC, a | ) | |
| Kansas Limited Liability Company; | ) | |
| MIKE'S LOADING SERVICE, INC., a | ) | |
| Texas Corporation; and TONIA | ) | |
| MOYLER, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff is an Oklahoma corporation that manufactures and provides meat products to various customers. One of those customers is the Dade County Schools. To facilitate delivery of its products, Plaintiff entered into a brokerage agreement with Defendant Large Car Logistics, L.L.C. ("Large Car"). On July 26, 2005, Large Car entered into a Broker/Carrier Agreement with Defendant Mike's Loading Service, Inc. ("Mike's") for delivery of some of Plaintiff's product to the Dade County Schools. On August 26, 2005, the product was loaded into a truck driven by Defendant Moyler for transportation to Florida. Upon arrival in Florida, the product was rejected by the Dade County Schools purportedly because it had exceeded the maximum allowed temperature and was no longer frozen. The product was then returned to Plaintiff's facility where it has remained in storage.

Following the return of the product, Plaintiff made demands on Defendants for the loss incurred. When those demands were not satisfied, Plaintiff filed the present action

asserting Defendants' actions violated the Carmack Amendment to the Interstate Commerce Act, and common law.  Plaintiff then filed the present motion asserting the undisputed material facts establish that it is entitled to summary judgment on its claims against Defendant Mike's.[1]  Defendant Mike's denies the product was damaged and asserts that Plaintiff has failed to support its motion with proper evidence.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977).  The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it is essential to the proper disposition of the claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e).  These specific facts may be shown "by any of the kinds of evidentiary

---

[1]  After this motion was filed, Plaintiff and Defendants Large Car and Mike's entered a Stipulation of Dismissal with prejudice of Plaintiff's claims against Defendant Large Car.  As there is no indication in the Court file that Defendant Moyler has ever been served, Defendant Mike's is the sole Defendant responding.

materials listed in Rule 56(c), except the mere pleadings themselves." <u>Celotex</u>, 477 U.S. at 324.   Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. <u>Thomas v. Wichita Coca-Cola Bottling Co.</u>, 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." <u>Adler v. Wal-Mart Stores, Inc.</u>, 144 F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  Of particular importance in this case is subparagraph (e)(1) to Rule 56.  In pertinent part that portion of the rule states: "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."

## **DISCUSSION**

To establish a claim under the Carmack Amendment, Plaintiff must show: "(1) delivery of the property to the carrier in good condition; (2) arrival of the property at the destination in damaged or diminished condition; and (3) the amount of its damages." <u>Mercer Transp. Co. v. Greentree Transp. Co.</u>, 341 F.3d 1192, 1196 (10th Cir. 2003).  If Plaintiff establishes this prima facie case, "[t]he burden then shifts to the carrier to demonstrate both that it was not negligent *and* that the damage was caused by an event excepted at common law." <u>Id.</u> Here, Plaintiff has failed to offer competent evidence to establish a prima facie case.  In support of its assertion that the product was delivered to Defendant Mike's in good condition, Plaintiff offers the affidavit of Mr. Hayden, Plaintiff's risk manager.  However,

at his deposition, Mr. Hayden testified that he was not present when the product was loaded and therefore lacked personal knowledge of the condition of the product.  The same analysis holds true for the second element.  The only evidence offered by Plaintiff on this element is Mr. Hayden's affidavit.  Again, Mr. Hayden testified that he was not in Florida and therefore did not have personal knowledge of the condition of the product upon its arrival.  Because Plaintiff has failed to establish a prima facie case, its motion must be denied.[2]

Because questions of material fact remain, Plaintiff's Motion for Summary Judgment (Dkt. No. 28) is DENIED.

IT IS SO ORDERED this 19th day of December, 2007.

ROBIN J. CAUTHRON
United States District Judge

---

[2]  Plaintiff did not seek judgment on its common law claims.

4